UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS DE JESUS SERRANO,
*individually and on behalf of all others*
*similarly situated*,
                              Plaintiffs,

                    -v-

LEXINGTON FARM FRESH INC.,
*doing business as Smiley's Deli, et al.*,
                              Defendants.

22-CV-8604 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

        Plaintiff Luis de Jesus Serrano brought this action under the Fair Labor Standards Act

and New York Labor Law against his former employer, Lexington Farm Fresh, Inc., a Manhattan

delicatessen.  Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the

basis of a purportedly authentic release of all claims executed by de Jesus at the conclusion of his

employment.  For the reasons that follow, the motion to dismiss is denied.

I.      **Background**

        Plaintiff Luis de Jesus Serrano was an employee of Defendants Lexington Fresh Farm

Inc., (d/b/a Smiley's Deli) ("LFFI"), Amir Kareem, Nayeem Ghesani, and Nasir Ghesani

(together, "Defendants").  (ECF No. 1 ("Compl.") ¶ 1.)[1]  The Complaint alleges that Defendants

owned, operated, or controlled a delicatessen located at 802 Lexington Ave., New York, New

York 10065 under the name "Smiley's Deli."  (Compl. ¶¶ 2, 16.)  Plaintiff was employed by

Defendants from approximately October 6, 2017, until July 15, 2022.  (Compl. ¶¶ 13, 33.)

---

        [1] The facts set forth in this opinion are taken from the operative complaint and are
assumed true for purposes of this motion.

Plaintiff was variously employed during this time as a general worker, a delivery worker, and a florist throughout his employment.  (Compl. ¶¶ 4, 31, 34.)

On October 10, 2022, Plaintiff initiated this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants, asserting claims for (1) unpaid minimum wages and overtime compensation; (2) failure to provide wage notices; (3) failure to provide accurate wage statements; (4) liquidated damages, interest, attorney's fees and costs.  (Compl. ¶¶ 71, 78, 82, 87, 91, 94.)

On February 20, 2023, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 25.)  Defendants argue that dismissal is appropriate because Plaintiff executed a valid Separation Agreement and Release (the "Separation Agreement") terminating his rights to bring all claims under the FLSA and NYLL in exchange for a premium.  (ECF No. 26 ("Def. Memo") at 3.)  Defendants contend that "[s]ince the claims Plaintiff asserts in this action were clearly and completely released when Plaintiff signed and failed to revoke the Separation Agreement, Plaintiff's Complaint must be dismissed . . . ."  (*Id.*)

## II.    Legal Standard

To survive a motion under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Complaints have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court should dismiss a complaint where "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  Courts must accept all allegations and draw all inferences in favor of the plaintiff.  *See Steginsky v. Xcelera Inc.*, 741 F.3 365, 368 (2d Cir. 2014).  In making this determination, courts generally "do not look beyond 'facts stated on the face of the

complaint, . . . documents appended to the complaint or incorporated to the complaint by reference, and . . . matters of which judicial notice may be taken." *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46m 51 n.2 (2d Cir. 2016) (internal quotation marks and citations omitted).

## III.    Discussion

In this case, Plaintiff has not pleaded facts bearing on the existence, or not, of a general release resolving all claims against his former employer.  Defendants, moreover, do not argue that the Separation Agreement was implicitly incorporated into the Complaint, but left out by Plaintiffs.  Rather, Defendants ask the Court to take judicial notice of a copy of what they purport to be the Separation Agreement signed by the Plaintiff (ECF No. 27-1 at 12), supported by the declarations of two employees at LFFI purportedly involved in Plaintiff's resignation and execution of the Separation Agreement specifically, who attest to the document's authenticity. (ECF Nos. 26, 27.)

While acknowledging that a district court generally may not go beyond the pleadings in deciding a 12(b)(6) motion, Defendants contend that the Separation Agreement at issue here is subject to a special exception because it is "a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls," but which, for strategic reasons, Plaintiff chose not to plead "because the document . . . undermine[s] . . . the plaintiff's claim." (Def. Memo at 4 – 5 (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).)

As relevant here, the Defendants' submissions essentially suggest that on July 26, 2022, Plaintiff, having resigned from LFFI eleven days prior, returned to the deli to execute a release of claims against his former employer and pick up remaining wages owed, receiving a premium totaling $600.  (ECF No. 26 ¶ 4.)  Specifically, the two declarations state that Plaintiff executed the appended Separation Agreement, an instrument reflecting payment to Plaintiff of $340 in

outstanding pay he was owed along with an additional $260 in consideration for Plaintiff's release of the sort of claims raised in his Complaint.  (*See generally* ECF Nos. 26, 27.)  This evidence, Defendants argue, shows "clearly and completely" that Plaintiff's claims are meritless, mandating dismissal.  (Def. Memo. at 3.)

The strong presumption and practice in federal courts is that, in evaluating a 12(b)(6) motion to dismiss, a district court should limit itself to matters raised in the complaint — which would not include Defendants' production here.  *See* Fed. R. Civ. P. 8, 12(b).  The Second Circuit has instructed district courts, though, that "in some instances," an exception to the general rule against considering documents outside the pleadings on a 12(b)(6) motion exists where "a document not expressly incorporated by reference . . . is nevertheless 'integral' to the complaint and, accordingly, a fair object of [judicial] consideration on a motion to dismiss." *Goel*, 820 F.3d at 554.

The Court declines to judicially notice the Separation Agreement and related declarations at the 12(b)(6) stage, on the facts and posture of this case.  First, under Second Circuit law, a document is deemed "integral" for the purposes of applying the exception only "where the complaint [itself] relies heavily upon [the document's] terms and effect."  *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).  Here, the Complaint does not rely at all on the terms or effect of the Separation Agreement — indeed, the Complaint is premised on the nonexistence of any such general release.

Second, even if the Court were to entertain Defendants' arguments in favor of judicially noticing the Separation Agreement, there would still be outstanding factual issues making the issue inappropriate for resolution at the 12(b)(6) stage.  In response to Defendants' submissions, Plaintiff himself declared that he had resigned from LFFI on "July 15, 2022," and that after this

date, "Defendants *never* presented [him] with a separation agreement and release, in either English or Spanish" and, furthermore, that after July 15, 2022, he "never went back to [LFFI] to review . . . a separation agreement." (ECF No. 27 ¶¶ 5, 7, 8.) In fact, Plaintiff avers that he has "never seen the Separation Agreement" before and that he did "not sign the Separation Agreement." (ECF No. 27 ¶¶ 9, 10.) And Plaintiff declares that "[t]he only money [he] received from Defendants after [his] last day of employment . . . was a wage payment of $340.00," disputing the accuracy of Defendants' $600 figure. (ECF No. 27 ¶ 11.)

Thus, even if the Court deemed the Separation Agreement to be "integral" to the Complaint, the Court cannot say that it is "clear on the record that no dispute exists regarding the authenticity or accuracy of the [Separation Agreement]"; and dismissal is therefore inappropriate at the pleadings stage. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). Instead, there appears to be a dispute regarding the evidentiary basis, authenticity, and/or circumstances of the release, necessarily implicating factual issues requiring discovery. *See, e.g.*, Fed. R. Evid. 901(a).

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

Defendants shall file an answer to the Complaint within 21 days of the date of this opinion and order.

The Clerk of Court is directed to close the motion at ECF Number 25.

SO ORDERED.

Dated:  August 23, 2023
        New York, New York

J. PAUL OETKEN
United States District Judge